**FILED**

**September 14, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 2:50 P.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| David Young | ) Docket No. 2015-06-0860 |
| | ) |
| v. | ) State File No. 39751-2015 |
| | ) |
| Young Electric Co., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua Davis Baker, Judge | ) |

---

### Reversed and Remanded – Filed September 14, 2016

---

This is the second interlocutory appeal in this case arising out of an injury the employee alleges occurred when he lost his balance and fell while attempting to lift a shopping cart loaded with construction materials. Following the first expedited hearing, the trial court awarded medical benefits, but denied temporary disability benefits, finding the employee did not establish he was likely to prevail at a hearing on the merits. We affirmed the award of medical benefits and the denial of temporary disability benefits, concluding the employee did not present sufficient medical proof to establish he was unable to work as a result of his injury. The employee subsequently filed a motion to compel temporary disability benefits supported by the authorized physician's responses to three written questions presented by the employee. Based on the physician's responses, the trial court awarded temporary disability benefits for the two periods in question, and the employer has appealed. We reverse the trial court's award of temporary disability benefits and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Stephen Morton, Nashville, Tennessee, for the employer-appellant, Young Electric Co.

Michael Fisher, Nashville, Tennessee, for the employee-appellee, David Young

1

**Factual and Procedural Background**

In a May 25, 2016 opinion, we affirmed the trial court's award of medical benefits and its denial of temporary disability benefits following an expedited hearing. As pertinent to this appeal, we stated:

> David Young ("Employee") is a forty-year-old resident of Humphreys County, Tennessee. On May 11, 2015, he worked as an apprentice electrician for Young Electric Company, Inc.[1] ("Employer"), which had contracted to perform electrical work for a Kroger store in Nashville undergoing renovations. On the date of the accident, employees were using Kroger shopping carts to transport construction materials to the "Conex" for overnight storage.[2] Employee alleged that during the course of performing this work-related activity, he lifted a shopping cart containing forty to sixty pounds of construction materials off the ground and attempted to move it from the entrance to the Conex. As he did so, he lost his footing, fell back, and the cart fell on top of him, striking his head. A coworker, Mr. William Harvey, claimed in an affidavit to have witnessed the injury.
>
> Employee testified that he did not immediately experience enough pain to concern him, so he completed his shift without notifying Employer of the incident. Employee stated, however, that early the next morning, at 2:00 or 3:00 a.m., he awoke in "excruciating pain." Later that day, he decided to visit his primary care physician, Dr. Desmond White. On his way to Dr. White's office, Employee alleged that he called his supervisor, John Boatfield, and told him "exactly what happened; that I had been injured at work." Employee claimed that Mr. Boatfield told him to bring a doctor's note when he returned to work. Mr. Boatfield testified on behalf of Employer at the expedited hearing and stated he did not recall this conversation. He further observed that his daily log did not contain any indication that an accident had been reported on the date of the alleged phone call, as would have been proper protocol.
>
> Over the next several days, Employee visited Dr. White's office on May 15 and May 20. Medical records from the May 12 and May 15 visits contain no evidence that Employee reported suffering a work-related injury. Records from the May 12 visit reveal that Employee was experiencing severe pain in his right shoulder which radiated down his right arm. The report noted "Onset: May 11, 2015," but also stated "Context: there is no

---

[1] The record indicates there is no familial relationship between Employee and Employer.

[2] A Conex is a trailer approximately forty feet in length. It has double doors, no wheels, and sits about eight inches above the ground.

injury." Dr. White made similar observations on May 15. Dr. Daniel Shrock, a chiropractor, treated Employee on May 18, 2015. On the "New Patient Application and Information" form, someone crossed out the sections entitled "Insurance" and "Accident Information." Employee wrote on the form that the reason for the visit was a "pinched nerve" with symptoms first appearing on May 12, 2015.

Employee returned to work, but on May 19 he allegedly aggravated his condition while pulling a wire. Employee did not return to work for Employer after May 19.[3] On May 20, at approximately 6:00 a.m., Employee called Mr. Boatfield to inform him that he would be off work a few days due to his injury. Mr. Boatfield claimed that this phone call on May 20 was the first notice he received of Employee's May 11 injury. After the May 20 phone call, Mr. Boatfield filled out a First Report of Work Injury. A May 20 medical report from Dr. White reflects a change in the description of Employee's condition. Specifically, Employee described the injury as "lifting a cart at work[,] the next day shoulder started hurting, then reaggervated [sic] it yesterday by pulling on wire."

Employer did not provide a panel of physicians following the telephone call between Employee and Mr. Boatfield on May 20, 2015. As a result, Employee continued to seek out medical treatment on his own. After seeing Dr. White in mid-May, he saw Dr. Brook Adams, who performed an MRI and an EMG, which revealed spondylosis, stenosis, a disc protrusion at the C6-7 level of the cervical spine, and radiculopathies at the C7-8 level. On June 9, Employee consulted Dr. Gregory Lanford, a neurosurgeon, who opined that Employee's work-related accident caused an injury to his cervical spine and recommended surgery.

Eventually, Employer provided a panel of physicians, and on June 27, 2015, Employee chose Dr. N.K. Singh as his authorized physician. However, Employer refused to schedule an appointment and denied the claim on the grounds that the inconsistencies in the medical records called into question whether the alleged accident occurred as reported. Employee filed a Petition for Benefit Determination on October 26, 2015 . . . seeking temporary disability and medical benefits. After the hearing, the trial court issued an Expedited Hearing Order granting medical benefits but denying temporary disability benefits.

---

[3] Employee testified he received no income from May 19, 2015, to February 2, 2016, when he began working for Miller Electric.

Our May 25, 2016 opinion affirming the trial court's denial of temporary disability benefits included the following:

> Employee has not presented sufficient medical proof to establish that he was unable to work as a result of his injury, having come forward with no restrictions issued by a physician addressing his ability to work. When asked at the expedited hearing whether Employer would have been able to accommodate any restrictions, Mr. Boatfield [Employee's supervisor] indicated that he was not sure what type of work could have been provided in light of the nature of the employment. However, Employee provided no actual restrictions for Mr. Boatfield to review and presented no proof to establish that any physician assigned work restrictions or opined Employee was unable to work during the relevant period of time.

Thereafter, Employee sent Dr. Lanford, the authorized treating physician, a letter requesting his opinions regarding Employee's ability to work and whether he had any restrictions. The letter posed three questions, the first being "[a]s a result of this injury, has [Employee] been unable to work at full duty[]," to which Dr. Lanford replied "yes." The second question inquired "for how long has he been unable to work or work at limited duty," and Dr. Lanford replied "since injury of 5/11/15." The last question asked "[w]hat work restrictions should [Employee] observe as a result of this injury," and Dr. Lanford responded, "[n]o overhead work."

Employee filed a Motion to Compel Temporary Benefits on July 12, 2016, asking the court to award temporary disability benefits for two separate time periods.[4] The first period began on May 20, 2015, the date immediately following Employee's last day of work for Employer, and ended on February 2, 2016, the date Employee began working for Miller Electric. The second period began on May 2, 2016, the date Employee was laid off from work by Miller Electric, and continued to the "present or until he is returned to work, whichever comes sooner." Dr. Lanford's responses to the June 8, 2016 letter were filed with Employee's motion in support of his request for temporary disability benefits.

On July 27, 2016, the trial court heard arguments from counsel addressing Employee's request for temporary disability benefits. However, no witnesses were called to testify and no additional records were admitted into evidence beyond Dr. Lanford's written responses to the three questions addressed above. The trial court issued an order

---

[4] A workers' compensation judge "may, at the judge's discretion, hear disputes over issues provided in the dispute certification notice concerning the provision of temporary disability or medical benefits on an expedited basis . . . ." Tenn. Code Ann. § 50-6-239(d)(1) (2015). Regardless of how a motion is styled, we will analyze a request for such benefits filed prior to a compensation hearing in accordance with the standards and procedure set forth in Tennessee Code Annotated section 50-6-239(d) and any applicable regulations of the Bureau of Workers' Compensation.

on August 3, 2016, which stated that Employee "provided a note from Dr. Lanford stating he lacked the ability to work following his injury on May 11, 2015," and that Employee's motion "also included a notice of restrictions that prohibited [Employee] from performing overhead work." Concluding that Employee "possessed some capacity to perform limited work," the trial court determined that Employee's "recovery lays in temporary partial disability benefits." The trial court noted that, "despite Dr. Lanford's opinion that [Employee] could not work after May 11, 2015, [Employee] admitted he worked for [Employer] on May 20, 2015, and then returned to work for another employer on February 2, 2016," and continued working until this employer laid him off on May 2, 2016.

The trial court ultimately concluded that, "[b]ased on these facts, the Court finds [Employee] carried his burden of proving entitlement to temporary partial disability benefits for the period from May 20, 2015, through February 1, 2016 . . . and from May 3, 2016, through the date of this order." The trial court ordered Employer to pay $18,532.30 in accrued temporary partial disability benefits and to "continue payments until [Employee] is no longer eligible for those benefits." Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)  Violate constitutional or statutory provisions;
(B)  Exceed the statutory authority of the workers' compensation judge;
(C)  Do not comply with lawful procedure;
(D)  Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)  Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

Employer presents two issues for review, each questioning whether the trial court erred in awarding benefits for the two periods of contested temporary disability. For the

5

reasons that follow, we find that the evidence presented to date preponderates against the trial court's determination that Employee will likely prevail in establishing an entitlement to temporary disability benefits at a hearing on the merits.

Initially, we reiterate that at an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits, consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

To receive temporary total disability benefits, an employee must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). As the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel observed, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005); *see* Tenn. Code Ann. § 50-6-207(2) (2015). Temporary restrictions assigned by physicians during an injured worker's medical treatment do not establish an entitlement to temporary disability benefits if the employee is able to work without loss of income. *See Long v. Mid-Tenn. Ford Truck Sales*, 160 S.W.3d 504, 511 (Tenn. 2005); *Vinson v. Firestone Tire and Rubber Co.*, 655 S.W.2d 931, 933 (Tenn. 1983).

In this case, there is no medical proof in the record concerning Employee's ability to work during the time periods in question other than Dr. Lanford's responses to Employee's June 8, 2016 letter. Employee did not present to Employer any medical record or note indicating he had restrictions assigned by a physician, depriving Employer of any opportunity to make a meaningful decision to accommodate whatever restrictions may have been imposed for the time periods in question. In the initial expedited hearing, the trial court noted that "[i]t was not clear from [the supervisor's] testimony, however, that [the supervisor] knew of any workplace restrictions imposed on [Employee]." In the first appeal, we determined that "Employee [had] not presented sufficient medical proof to establish that he was unable to work as a result of his injury, having come forward with no restrictions issued by a physician addressing his ability to work." We noted that

6

"Employee provided no actual restrictions for [the supervisor] to review and presented no proof to establish that any physician assigned work restrictions or opined Employee was unable to work during the relevant period of time."

In the order presently under review, the trial court again noted that "[i]t was not clear from [the supervisor's] testimony, however, that [the supervisor] knew of any workplace restrictions imposed on [Employee]." Nonetheless, the trial court noted "[i]n any event, it was clear from testimony that [Employer] did not return [Employee] to work." Based on these determinations and Dr. Lanford's responses to the three questions presented to him, the trial court awarded benefits for the disputed periods of temporary disability.

The question before us is whether the preponderance of the evidence supports the trial court's determination that Employee will likely prevail at a hearing on the merits in establishing entitlement to temporary disability benefits for the two periods in question. More specifically, the issue is whether Dr. Lanford's responses to the three questions posed by Employee, considered with the proof adduced at the initial expedited hearing, is sufficient to support the trial court's determination that, at trial, Employee would likely establish he was unable to work during the periods in question as a result of his injury.

In response to the first question, Dr. Lanford opined Employee had "been unable to work at full duty." Responding to the second question asking "for how long has he been unable to work *or* work at limited duty," (emphasis supplied), he wrote, "since [the] injury of 5/11/15." It is unclear from this question and response whether Dr. Lanford's opinion was that Employee was unable to perform any work since his May 11, 2015 injury, or whether his opinion was that Employee could perform limited duty work from the date of his injury. His response to the final question, which asked what work restrictions "should [Employee] observe as a result of this injury," was "no overhead work." Stating that Dr. Lanford "prohibited [Employee] from performing overhead work," the trial court concluded that "because [Employee] possessed some capacity to perform work, his recovery lays in temporary partial disability benefits." Dr. Lanford's opinions were not provided to Employer until June 8, 2016, or thereafter, and it is unclear from those opinions during what time period Dr. Lanford felt Employee should "observe" an overhead work restriction.[5]

In our opinion, it is significant that Employee testified unequivocally at the initial expedited hearing that he was able to resume gainful employment subsequent to his May 11, 2015 injury. Employee testified he began working with another Employer on February 2, 2016 "about 74 hours a week," performing work similar to the work he

---

[5] The third question presented to Dr. Lanford was posed in the present tense, indicating that Dr. Lanford was to opine about Employee's *current* restrictions as of the date of his response. The question did not ask Dr. Lanford to opine about restrictions Employee may have had prior to the date of the June 8, 2016 inquiry.

performed with Employer. Although Employee testified he performed the work with "a little bit of difficulty," he nonetheless was able to work a significant number of hours per week until he was laid off and was earning a higher wage while doing so. The record is silent as to why Employee was laid off in May 2016, or whether his lay-off was related to his work injury with Employer or any physical restrictions. Although this work was between the two periods of contested disability, there is no proof that work restrictions were in place prior to Employee's work with the subsequent employer. Moreover, as previously noted, Employer was not provided any record of work restrictions during either period of contested disability, and it was never given the opportunity to consider accommodating whatever work restrictions might have existed. In short, the evidence presented to date shows that Employee has, in fact, worked at full duty for several months since his injury, contrary to the opinion expressed by Dr. Lanford that Employee has been unable to work at full duty since the date of his injury. Dr. Lanford's opinions are less than clear concerning whether Employee could work after his injury, whether Employee could perform limited or restricted work after his injury, and at what point Employee was to "observe" work restrictions. Considering the limited medical evidence presented to date and the testimony presented at the initial expedited hearing, we find the preponderance of the evidence addressing the disputed periods of temporary disability to be otherwise than found by the trial court.

## Conclusion

For the above reasons, we reverse the trial court's decision awarding temporary disability benefits and remanded the case for such additional proceedings as may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

8

**FILED**

**September 14, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 2:50 P.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| David Young | ) | Docket No.   2015-06-0860 |
| | ) | |
| v. | ) | State File No.  39751-2015 |
| | ) | |
| Young Electric Co., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of September, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Michael Fisher | | | | | X | mfisher@ddzlaw.com |
| Stephen Morton | | | | | X | Stephen.morton@mgclaw.com |
| Joshua David Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

_Matthew Salyer_

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov